## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOEY TOMATOES, INC., | Case No.: _____ |
| *Plaintiff*, | |
| v. | **COMPLAINT** |
| JOEY'S TOMATOES LLC d/b/a JOEY TOMATO'S PIZZA, | **DEMAND FOR JURY TRIAL** |
| *Defendant*. | |

Plaintiff, Joey Tomatoes, Inc. ("Plaintiff"), by and through its attorneys, Giordano Halleran & Ciesla, PC, for its Complaint against defendant Joey's Tomatoes LLC d/b/a Joey Tomato's Pizza ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

1.    This is an action for infringement of Plaintiff's federally-registered trademarks, JOEY TOMATO'S and JOEY TOMATO'S with design, under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for cybersquatting under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and for substantial and related claims of unfair competition under the statutory and common laws of the

State of New Jersey, all arising from the Defendant's unauthorized use of the JOEY TOMATO'S and JOEY TOMATO'S with design trademarks in connection with the marketing, advertising, promotion, offering for sale and/or sale of Defendant's restaurant services.

2.    Plaintiff seeks injunctive and monetary relief.

### JURISDICTION

3.    This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

### VENUE

4.    Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district, and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

### THE PARTIES

5.    Plaintiff is a corporation that is incorporated under the laws of New Jersey and has its principal place of business at 300 Ocean Avenue, Point Pleasant Beach, New Jersey. Plaintiff has been operating a restaurant under the mark, JOEY TOMATO'S, since May 1991, serving guests from New Jersey and other states since that time.  In addition, Plaintiff has been

using the JOEY TOMATO'S with design trademark in connection with its restaurant services and food products since May 31, 2004.

6.    Upon information and belief, Defendant is a limited liability company organized under the laws of New Jersey and maintains its principal place of business at 701 Lacey Road, Forked River, New Jersey.  Upon information and belief, in early 2012, Defendant began operating a restaurant at the afore-mentioned location using the JOEY TOMATO'S and JOEY TOMATO'S with design trademarks without Plaintiff's authorization.

<u>**FACTS COMMON TO ALL COUNTS**</u>

**Plaintiff and the Marks**

7.    Plaintiff is an Italian food and pizza restaurant.  It has been in operation since as early as May 1991.  Since that time it has largely serviced the tourist market at the Jersey Shore visiting Point Pleasant Beach.  It has developed reputations as a "go-to" fixture for high quality pizza at the Jersey Shore by Point Pleasant Beach goers from all over the Tristate Area.

8.    Plaintiff is the owner of valid and subsisting United States Trademark Registration Nos. 4976681 and 4986744 on the Principal Register in the United States Patent and Trademark Office for the trademarks JOEY TOMATO'S and JOEY TOMATO'S with the following design:

3



(collectively referred to herein as the "Marks") for restaurant services. Attached as Exhibit 1 are true and correct copies of the registration certificates for Plaintiff's United States Trademark Registration Nos. 4976681 and 4986744, which were issued by the United States Patent and Trademark Office on June 14, 2016 and June 28, 2016, respectively.

9.    Plaintiff has used the JOEY TOMATO'S mark in commerce continuously since May 27, 1991 in connection with the offering for sale, sale, marketing, advertising and promotion of its restaurant services and food products to customers from all over the United States.  Plaintiff has used the JOEY TOMATO'S with design mark in commerce continuously since May 31, 2004 in connection with the offering for sale, sale, marketing, advertising and promotion of its restaurant services and food products to customers from all over the United States.

10.    As a result of its widespread, continuous and exclusive use of the Marks to identify its restaurant services, food products and Plaintiff as their source, Plaintiff owns

valid and subsisting federal statutory and common law rights to the Marks.

11.   Plaintiff's Marks are distinctive to both the consuming public and Plaintiff's trade.

12.   Plaintiff has expended substantial time, money and resources marketing, advertising and promoting the restaurant services offered and sold under the Marks.

13.   Additionally, Plaintiff has undertaken efforts to ensure that its food products offered in its restaurant of a high quality and its customers receive excellent customer service.

14.   As a result of Plaintiff's expenditures and efforts, the Marks have come to signify the high quality of the restaurant services designated by the Marks, and acquired incalculable distinction, reputation and goodwill belonging exclusively to Plaintiff.

**Defendant's Unlawful Conduct**

15.   Upon information and belief, Defendant is engaged in the provision of restaurant services in Forked River, New Jersey offering Italian-style food and pizza.

16.   Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in the Marks, Defendant adopted and

began using in US commerce a mark nearly identical to Plaintiff's Marks, specifically:



(hereinafter, the "Infringing Mark").

17.   The Infringing Mark adopted and used by Defendant is nearly identical to the Marks. Both use the prominent exact words JOEY TOMATO'S, have a green and red color scheme, and incorporate the use of tomatoes designs as letters.

18.   Upon information and belief, Defendant has been engaged in the provision, advertising, promotion, offering for sale and sale of its restaurant services using the Infringing Mark at or near the Jersey Shore and specifically within twenty miles of Plaintiff.

19.   Upon information and belief, the restaurant services Defendant has provided, marketed, advertised, promoted, offered for sale and sold under the Infringing Mark are virtually the same in type and theme as Plaintiff, and target the same local and out-of-state tourist clientele serviced by Plaintiff.

20.   On July 20, 2016, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Mark.

21.   Defendant responded through counsel on July 26, 2016 refusing to cease further use of the Infringing Mark. To date, Plaintiff, after reasonable inquiry, has no evidence that Defendant has complied with or intends to comply with the demands set out in Plaintiff's counsel's cease and desist letter.

22.   Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's restaurant services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's restaurant services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

### COUNT I
### (Federal Trademark Infringement)

23.   Plaintiff hereby incorporates by reference and re-allege each and every allegation of paragraphs 1 through 22 above.

24.   Defendant's unauthorized use in commerce of the Infringing Mark as described herein is likely to cause

confusion, mistake or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

25.   Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Marks and with the wilful intent to cause confusion and trade on Plaintiff's goodwill.

26.   Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

27.   Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT II**
**(Federal Unfair Competition and False Designation of Origin)**

28.   Plaintiff hereby incorporates by reference and re-allege each and every allegation on paragraphs 1 through 27 above.

29.  Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

30.  Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff.

31.  Defendant's conduct as alleged herein is intended to and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation of the Defendant's restaurant services.

32.  Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.  Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

34.  Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys'

fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT III**
**(Cybersquatting)**

35.   Plaintiff hereby incorporates by reference and re-allege each and every allegation on paragraphs 1 through 34 above.

36.   Plaintiff is the owner of valid and subsisting federal trademark rights in the Marks.

37.   Upon information and belief, Defendant registered the web domain http://www.joeytomatospizza.com with GoDaddy.com, LLC, on or about February 11, 2012, which incorporates Plaintiff's JOEY TOMATO'S mark (the "Infringing Domain").

38.   Defendant is using this domain name to promote and advertise its competing restaurant services under the Infringing Mark.

39.   Upon information and belief, Defendant has a bad faith intent to profit from its registration and use of the Infringing Domain, which incorporates the Infringing Mark, and through its use of the Infringing Mark in the website content associated with the Infringing Domain.

40.   Defendant's conduct as alleged herein constitutes a violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

41.   Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

42.   Plaintiff is entitled to, among other relief, injunctive relief, transfer of the Infringing Domain, and an award of statutory damages or actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT IV**
**(Common Law Unfair Competition)**

43.   Plaintiff hereby incorporates by reference and re-allege each and every allegation on paragraphs 1 through 42 above.

44.   This cause of action arises under the common law of the State of New Jersey.

45.   The foregoing activities of Defendant, namely, the use of the Infringing Mark in connection with its advertising, promotion and offering of its restaurant services, is likely to cause confusion, mistake or deception as to the source or origin of Defendant's goods and services.

46.   The foregoing acts of Defendant create the clear and false impression that Plaintiff and Defendant are related, and/or that Plaintiff has approved or endorsed Defendant, its goods, and the quality thereof.  This misrepresentation is likely to cause confusion, mistake or deception as to the relationship, affiliation, connection or association of Plaintiff and Defendant in violation of common laws of the State of New Jersey.

47.   The foregoing acts of Defendant have been done willfully and with full knowledge of Plaintiff's rights in the Marks with the intent to deceive and to trade on the goodwill associated with the Marks.

48.   Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

49.   Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action, together with prejudgment and post-judgment interest.

**COUNT V**
**(New Jersey Trademark Infringement under N.J.S.A. 56:3-13.16)**

50.   Plaintiff hereby incorporates by reference and re-allege each and every allegation on paragraphs 1 through 49 above.

51.   Plaintiff owns valid and subsisting federal and state common law rights in the Marks.

52.   Defendant has used the Infringing Mark, which is nearly identical to and at least a colorable imitation of the Marks, in connection with the sale, offering for sale, and advertising of its competing restaurant services in New Jersey.

53.   Defendant's conduct is likely to cause confusion or mistake or to deceive the public as to the source of origin of such restaurant services.

54.   Defendant also has used the Infringing Mark, which is nearly identical to and at least a colorable imitation of the Marks, on its signage and advertisements for its restaurant services in New Jersey without Plaintiff's consent.

55.   Upon information and belief, Defendant has engaged in this conduct with the intent to cause confusion or mistake by consumers.

56.   Defendant's conduct as alleged herein constitutes a violation of N.J.S.A. 56:3-13.16.

57.   Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

58.   Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action, together with prejudgment and post-judgment interest.

**COUNT VI**
**(Unfair Competition Under N.J.S.A. 56:4-1 *et seq.***

59.   Plaintiff hereby incorporates by reference and re-allege each and every allegation on paragraphs 1 through 58 above.

60.   Plaintiff owns valid and subsisting federal and state common law rights in the Marks.

61.   Defendant's unauthorized use of the Infringing Marks as set forth herein constitutes unfair competition through

14

Defendant's appropriation for their own use of the name, brand, trademark, reputation, and goodwill of Plaintiff.

62.   Upon information and belief, Defendant's conduct was willful and with the intent to cause confusion or mistake by consumers by trading on the Marks and goodwill of Plaintiff.

63.   Defendant's conduct as alleged herein constitutes unfair competition in violation of N.J.S.A. 56:4-1.

64.   Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

65.   Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, treble damages and profits, reasonable attorneys' fees and costs of the action, together with prejudgment and post-judgment interest.

**COUNT VII**
**(New Jersey Trademark Dilution)**

66.   Plaintiff hereby incorporates by reference and re-allege each and every allegation on paragraphs 1 through 65 above.

67.   As a result of Plaintiff's prominent location on the Point Pleasant Boardwalk, length of use of the Marks, the

significant number of visitors to the Point Pleasant Boardwalk, its marketing and promotion efforts, and the inherent distinctiveness of the Marks, the Marks have become famous in the state of New Jersey.

68.   Defendant's adoption and use of the Infringing Mark in connection with its restaurant services and food products in the state of New Jersey therefore constitutes dilution of the Marks pursuant to N.J.S.A. 56:3-13.20.

69.   Upon information and belief, Defendant intended to trade on Plaintiff's reputation and/or cause dilution of the Marks.

70.   Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

71.   Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, treble damages and profits, reasonable attorneys' fees and costs of the action, together with prejudgment and post-judgment interest.

**COUNT VIII**
**(Unjust Enrichment)**

72.   Plaintiff hereby incorporates by reference and re-allege each and every allegation on paragraphs 1 through 71 above.

73.   Defendant has received and obtained a benefit in that it has profited from its unauthorized use of the Infringing Mark to promote, advertise, offer for sale, and sell its restaurant services and food products.

74.   Such benefit is at the expense and detriment of Plaintiff, and Defendant has knowledge and/or appreciation of such benefit.

75.   Acceptance and retention of such benefit under the circumstances by Defendant without payment to Plaintiff would be inequitable and unjust.

76.   Defendant has therefore been unjustly enriched by its use of the Infringing Marks and Plaintiff is entitled to payment of all profits unjustly obtained by Defendant through its use of the Infringing Mark.

77.   Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff. Plaintiff has no adequate remedy at law.

78.   Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages and/or

17

Defendant's profits, together with prejudgment and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award relief, including, but not limited to, the following:

(A)  Declaring that Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)).

(B)  Declaring that Defendant has infringed Plaintiff's state common law right in the Marks and has violated N.J.S.A. 56:3-13.16 and N.J.S.A. 56:4-1.

(C)  Declaring the Defendant's conduct and infringement in violation of federal and state law were knowing, intentional and willful.

(D)  Granting an injunction preliminarily and permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

18

(i)  providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise or promote any restaurant services or food products bearing the Infringing Mark, the Marks, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Marks;

(ii) engaging in any activity that infringes Plaintiff's rights in Marks;

(iii) engaging in any activity constituting unfair competition with Plaintiff;

(iv) making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's restaurant services and food products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's restaurant services and food products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

(v)  using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

(vi) registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing Mark, the Marks, or any other mark that infringes or is likely to be confused with the Marks, or any goods or services of Plaintiff, or Plaintiff as their source; and

(vii) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (vi) of this paragraph (D).

(E)  Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected

with Plaintiff or constitute or are connected with Plaintiff's restaurant services and food products.

(F)  Directing Defendant to immediately cease all display, marketing, advertising, promotion, sale, offer for sale and/or use of any and all labels, menus, shopping bags, containers, advertisements, signs, displays and other materials that feature or bear any designation or mark incorporating the Infringing Mark, the Marks, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Marks, and to direct all other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell or offer for sale Defendant's goods or services to cease forthwith the display, marketing, advertising, promotion, sale and/or offering for sale of any and all goods, services, labels, menus, shopping bags, containers, advertisements, signs, displays and other materials featuring or bearing the Infringing Mark, the Marks, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Marks, and to immediately remove them from public access and view.

(G)  Directing that Defendant recall and deliver up for destruction or other disposition all shopping bags, containers, advertisements, promotions, signs, displays and related

materials incorporating or bearing the Infringing Mark, the Marks, or any other mark that is a counterfeit, copy, confusingly similar variation or colorable imitation of the Marks.

(H) Directing Defendant to formally abandon with prejudice any and all of its applications to register the Infringing Mark or any mark consisting of, incorporating or containing the Marks or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

(I) Directing Defendant to cancel with prejudice any and all of its registrations for the Infringing Mark or any mark consisting of, incorporating or containing the Marks or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

(J) Directing Defendant to transfer the Infringing Domain to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C).

(K) Directing Defendant to amend its trade name of Joey's Tomatoes, LLC to another name that does not incorporate the Infringing Mark or any mark consisting of, incorporating or containing the Marks or any counterfeit, copy, confusingly similar variation or colorable imitation thereof.

(L)  Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

(M)  Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), N.J.S.A. 56:3-13.6(d) and N.J.S.A. 56:4-2.

(N)  Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with N.J.S.A. 56:3-13.6(d) and Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

(O)  Alternatively, directing Defendant to pay statutory damages to Plaintiff pursuant to 15 U.S.C. § 1117(d).

(P)  Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future wilful infringement.

(Q)  Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs

23

and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)), or alternatively awarding Plaintiff its costs and reasonable attorneys' fees pursuant to N.J.S.A. 56:3-13.6(d).

(R)   Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

(S)   Awarding such other relief as the Court may deem appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Christopher J. Marin, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

GIORDANO, HALLERAN & CIESLA, P.C.
Attorneys for Plaintiff,
*Joey Tomatoes, Inc.*


By: s/ Christopher J. Marino
    CHRISTOPHER J. MARINO

DATED:  October 6, 2016

Docs #2445472-v1

24